**UNITED STATES of America, Plaintiff,**

v.

**Terry A. LOGAN, Richard Angelo Calabrese and Carol Ann Calabrese, Defendants.**

**No. CR 84–12–BU.**

United States District Court, D. Montana, Butte Division.

July 31, 1985.

Robert L. Zimmerman and James E. Seykora, Asst. U.S. Attys., Billings, Mont., for plaintiff.

Gregory A. Jackson, Jackson Law Firm, Helena, Mont., Charles F. Moses, Moses Law Firm, Billings, Mont., for defendants.

### MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendant Richard Angelo Calabrese moves the Court to reconsider the order of

U.S. District Judge W.D. Murray—filed June 11, 1985—detaining him without bail pending trial. Judge Murray's pretrial detention order was made pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 et seq. See 18 U.S.C. § 3142.

On November 15, 1985, the grand jury indicted Richard Angelo Calabrese and two co-defendants for conspiring to manufacture and distribute methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846. The statutes provide the maximum penalty upon conviction: a term of imprisonment not exceeding 15 years or a fine not exceeding $125,000, or both.

Upon the government's motion to detain Richard Calabrese prior to trial, Judge Murray conducted a hearing on May 22, 1985. Based on the brief submitted by the parties and the evidence submitted at both the May 22 hearing and an earlier pretrial detention hearing, Judge Murray specifically found that Richard Calabrese poses a serious flight risk. Judge Murray further found probable cause to believe defendant committed the offense charged. The undersigned was on the bench with Judge Murray at the May 22 hearing but did not participate in the Court's ruling. Certainly, however, there was substantial, credible, and unrefuted evidence presented to justify the findings and conclusions entered by the court.

This case has since been assigned to the undersigned, and on July 10, 1985, defense counsel filed the pending motion to reconsider. In support of his motion defendant contends that Judge Murray applied an incorrect standard of proof in determining the flight risk issue, that the government failed to satisfy its burden of proof, and that changed circumstances since the May 22 hearing warrant release pending trial. The parties have submitted briefs. The court heard oral argument on this matter on July 30, 1985.

■■ Under the circumstances I will not disturb the determination of Judge Murray in the absence of clear error of law or changed circumstances which warrant reconsideration of the findings.

Judge Murray found by a preponderance of the evidence that Richard Calabrese presents a risk of flight serious enough to require pretrial detention. Defendant argues the Court erred by failing to require the government to demonstrate flight risk by clear and convincing evidence.

The Bail Reform Act of 1984 apparently establishes two distinct standards of proof required at a pretrial detention hearing— one applicable to safety and the other applicable to flight. The statute expressly provides that a finding that no condition or combination of conditions of release reasonably will assure the safety of other persons must be based on clear and convincing evidence. 18 U.S.C. § 3142(f). The statute, however, is silent as to the amount of proof necessary to establish flight risk.

■■ A statute must be construed, if possible, so as to give effect to the intent of Congress. Hudson Distributors, Inc. v. Eli Lilly & Co., 377 U.S. 386, 395, 84 S.Ct. 1273, 1279, 12 L.Ed.2d 394 (1964). The legislative history of the 1984 Bail Reform Act does not contain any indication that the standard of proof applicable to flight under prior law was to be altered. Given the fact Congress expressly set forth a standard of proof concerning safety, 18 U.S.C. § 3142(f), the court finds it significant that no expression was made regarding the amount of proof required to show flight risk. The court concludes, therefore, that Congress must have contemplated the continued application of the standard observed under prior law.

Thus, proof by a preponderance of the evidence—the standard ordinarily applied in pretrial proceedings—is the standard of proof necessary to demonstrate flight risk under the Bail Reform Act of 1984. See, for example, Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Judge Murray properly applied the correct standard in making his finding that Richard Calabrese poses a flight risk.

Defendant next argues that the government did not demonstrate his propensity toward flight by clear and convincing evidence. For the reasons stated above, this argument is without merit.

The defendant also contends that changes of circumstance since the May 22 hearing warrant reconsideration of his pretrial detention. The specific changes of circumstance identified by defendant are:

(1) That his hypertension is aggravated by incarceration. Defendant particularly complains that he requires a low-salt diet and that such a diet is not provided at the Silver Bow County Jail in which he is incarcerated.

(2) That incarceration has limited his ability to assist defense counsel in the preparation of his case.

(3) That officials of the jail have made it difficult for defendant to meet with counsel and his wife, a co-defendant in this action, at the same time.

The court finds that the above-described changes of circumstance are not related to the issue of whether or not defendant would flee. The court will not reconsider the June 11 pretrial detention order based on these changes of circumstance. Although the court determines defendant's motion to reconsider is without merit, it would entertain reasonable motions designed to alleviate the dietary problem identified by defendant or any problem regarding access to counsel.

THEREFORE IT IS ORDERED that defendant Richard Angelo Calabrese's motion to reconsider pretrial detention is DENIED.