UNITED STATES of America,
Plaintiff-Appellee,

v.

Gilbert R. CARDENAS,
Defendant-Appellant.

No. 86–5039.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 1986.

Decided March 7, 1986.

S. Gay Hugo, Asst. U.S. Atty., Peter K. Nunez, U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Barton C. Sheela, Sheela, Rutherford & Sheela, San Diego, Cal., for defendant-appellant.

Appeal from the United States District Court for the Southern District of California.

Before WRIGHT, TANG and POOLE, Circuit Judges.

PER CURIAM:

Cardenas appeals from the district court's order granting the government's motion for pretrial detention under the Bail Reform Act of 1984, 18 U.S.C. § 3142. This appeal involves the constitutionality of the Bail Reform Act.

Cardenas was charged in a superseding indictment with making a false tax return, conspiracy to import marijuana, conspiracy to possess marijuana with intent to distribute and distribution of marijuana in excess of 1,000 pounds, possession with intent to distribute marijuana in excess of 1,000 pounds, conspiracy to travel in interstate commerce in aid of racketeering enterprises, travel in interstate commerce in aid of racketeering, and collection of extensions of credit by extortionate means. On November 8, 1985, he appeared for arraignment at which time the government moved for pretrial detention under the Bail Reform Act of 1984, 18 U.S.C. § 3142. The matter was set for November 13, 1985 and a detention hearing was scheduled for November 18, pursuant to 18 U.S.C. § 3142(f) after the government moved for a five-day continuance.

On November 25, 1985, after a hearing, the magistrate ordered Cardenas detained, finding him to be a flight risk and a danger to the community. The magistrate entered written findings on December 3.

Cardenas then moved the district court for revocation of the detention order under 18 U.S.C. § 3145(b). The court held a hearing on his motion on January 21, 1986.

On that day, after considering the evidence presented at the hearing before the magistrate and additional testimony from Cardenas' mother, the court orally affirmed the detention order. On February 5, 1986, it entered written findings. It found that no condition or combination of conditions would reasonably assure the appearance of Cardenas for further proceedings in the case, and ordered him detained. This appeal followed.

I

Due Process

■ Cardenas contends that due process requires that a defendant in a pretrial detention hearing be afforded the rights of confrontation and cross-examination. He reasons that the government should not have been allowed to present evidence by way of proffer.

■ We disagree. The Act affords the defendant "an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing and to present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2). As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay. *United States v. Delker*, 757 F.2d 1390, 1395–96 (3d Cir.1985); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206–07 (1st Cir.1985). Nor does the in camera examination of government exhibits violate due process. *United States v. Acevedo-Ramos*, 755 F.2d 203, 206–07 (1st Cir.1985).

Here, the magistrate allowed the government to proceed by way of proffer. When appellant asserted that certain proffered information was incorrect, the magistrate decided to hear live testimony concerning the alleged false information. The government ultimately withdrew as evidence the alleged incorrect information. The district court did not err in allowing the government to present evidence by way of proffer.

II

Pre-Trial Detention

In ascertaining whether to detain or release a defendant, the judicial officer is

directed by the statute to consider: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Motamedi,* 767 F.2d 1403, 1407 (9th Cir.1985).

■ The weight of the evidence is the least important of these various factors, however, and the statute neither requires nor permits a pretrial determination that the person is guilty. *Motamedi,* 767 F.2d at 1408. The nature of the offense and the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community. *Id.* If the government seeks detention based on flight risk, the government bears the burden of showing by a preponderance of the evidence that the defendant is a flight risk. *Id.*

■ The standard of review for pretrial detention orders is one of deference to the district court's factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld. *Motamedi,* 767 F.2d at 1406.

The district court found that Cardenas had produced evidence to rebut the presumption that he is a flight risk. Specifically, the court found that he had demonstrated significant family ties in the San Diego area and that he had made all required court appearances thus far. The court then found that the government had demonstrated by a preponderance of the evidence that he is flight risk. The record supports this finding.

■ Cardenas was born in Mexico in 1947. He is a naturalized United States citizen and resides in Chula Vista, California. His immediate family lives in the United States. During his adult life, he has resided with relatives in Mexico and during a substantial period of his adult life, he has been employed by his family in Mexico. He has received large sums of money from relatives who reside in Mexico. He frequently travels there. He has access to and control of large amounts of money in the United States and Mexico. During 1982, Cardenas had a $2.5 million line of credit at the Banco Del Atlantico in Guadalajara, Mexico.

The government presented evidence that Cardenas is a member of the Quintero-Payan drug group of which his brother is also a member. That group has millions of dollars in assets.

Although the fact that Cardenas has now been indicted for more serious charges does not automatically justify pretrial detention, *Motamedi,* 767 F.2d at 1405, his strong ties to Mexico, his access to large sums of money and his frequent trips to Mexico indicate that his potential for flight is great.

Appellant's emergency motion to vacate the pretrial detention order is denied.