UNITED STATES of America,
Plaintiff-Appellee,

v.

Steven Dale WINSOR,
Defendant-Appellant.

No. 86–5052.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 1986.

Decided March 24, 1986.
As Amended April 8, 1986.

Anita Bryant, U.S. Atty. Office, Los Angeles, Cal., for plaintiff-appellee.

Carlton F. Gunn, Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Before GOODWIN, NORRIS and HALL, Circuit Judges.

PER CURIAM:

Winsor appeals from the district court's order granting the government's motion for pretrial detention under the Bail Reform Act of 1984, 18 U.S.C. § 3142. This appeal involves the constitutionality of the Bail Reform Act.

Winsor was charged with one count of aiding and abetting an unarmed bank robbery in violation of 18 U.S.C. § 2113(a). On January 15, 1986, Winsor appeared before the magistrate at which time the government moved for pretrial detention under the Bail Reform Act of 1984, 18 U.S.C. § 3142. After both parties moved for continuances, a detention hearing was scheduled for January 23, 1986 under 18 U.S.C. § 3142(f).

On January 23, 1986, after a hearing, the magistrate ordered Winsor detained, finding that Winsor is a flight risk and poses a danger to the community. On January 27, 1986, the magistrate entered written findings.

Winsor appealed the detention order to the district court under 18 U.S.C. § 3145(b). The district court held a hearing on February 4, 1986 at which time it rejected Winsor's constitutional challenges to the Act.

On February 12, 1986, after a hearing at which Winsor presented additional evidence, the district court orally affirmed the detention order. On February 26, 1986, the district court entered written findings. The district court found that no condition or combination of conditions would reasonably assure the appearance of Winsor for further proceedings in the case or the safety of the community. This appeal followed.

I

Constitutionality of Pretrial Detention

Winsor contends that pretrial detention violates the eighth amendment's prohibition against excessive bail and the fifth amendment's prohibition against punishment without adjudication of guilt.

We disagree. Like the Eleventh and First Circuits, we find that pretrial detention based on risk of flight is not prohibited by the eighth amendment. *United States v. Medina*, 775 F.2d 1398, 1402–03 (11th Cir.1985); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206–07 (1st Cir.1985). Nor does pretrial detention based on risk of flight impose punishment without adjudication of guilt, in violation of the due process clause of the fifth amendment. *United States v. Maull*, 773 F.2d 1479, 1485 (8th Cir.1985).

Winsor next argues that due process requires that a defendant in a pretrial detention hearing be afforded rights of confrontation and cross-examination. He reasons that he should have been allowed to cross-examine the government investigators and police officers who were involved in the investigation and arrest to demonstrate that he was arrested without probable cause.

The Act affords the defendant "an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2). As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay. *United States v. Cardenas*, 784 F.2d 937, 938 (9th Cir.1986); *United States v. Delker*, 757 F.2d 1390, 1395–96 (3d Cir.1985); *Acevedo-Ramos*, 755 F.2d at 206–07. The accused has no right to cross-examine adverse witnesses who have not been called to testify. *Delker*, 757 F.2d at 1397–98. Nor did the district court's refusal to allow Winsor to

delve into the validity of the arrest and the likelihood of success on a suppression motion render the hearing violative of due process. *See Acevedo-Ramos,* 755 F.2d at 207–08.

■ Here, the magistrate allowed the government to proceed by way of proffer. Without a proffer from Winsor that the government's proffered information was incorrect, the magistrate was not required to allow Winsor to cross-examine the investigators and police officers.

## II

### Pre-Trial Detention

"In ascertaining whether to detain or release a defendant, the judicial officer is directed by the statute to consider: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Cardenas,* at 938–939. *See* 18 U.S.C. § 3142(g); *United States v. Motamedi,* 767 F.2d 1403, 1407 (9th Cir.1985).

■ As we noted in *Cardenas,* the weight of the evidence is the least important of these factors. At 939. Section 3142 neither requires nor permits a pretrial determination that the person is guilty; the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community. *Id.; Motamedi,* 767 F.2d at 1408. The government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. *Motamedi,* 767 F.2d at 1408.

■ We review the factual findings underlying the district court's detention order under a deferential, clearly erroneous standard. *Motamedi,* 767 F.2d at 1404. In

determining whether those facts support pretrial detention under the Bail Reform Act, however, we exercise independent review. *Id.*

■ The district court found that no condition or combination of conditions would reasonably assure Winsor's appearance for further proceedings in the case. The record supports this finding.

Winsor has been in the Los Angeles area only since January 1986. He is unemployed. He has no ties to the community. He is currently on parole or probation from another jurisdiction. The weight of the evidence against him is strong. He has admitted his presence in a bank surveillance photograph and his participation in the bank robbery. Winsor's lack of any ties to the community and the fact that he is currently on parole or probation from another jurisdiction indicate that he is a flight risk. The district court correctly concluded that pretrial detention is warranted.

AFFIRMED.