UNITED STATES of America, Plaintiff,

v.

Richard M. THOMAS, Richard H. Garrett, Jaxon Hice, Teka T. Luttrell, aka Timothy F. Nally, Lee W. Carlson, Dale J. Kennedy, Mark R. Davis, Edward E. Bishop, and John M. Shepherd, Defendants.

No. CR 87–156MA.

United States District Court,
D. Oregon.

Sept. 2, 1987.

Charles H. Turner, U.S.Atty., Dist. of Oregon, Fred N. Weinhouse, Asst. U.S. Atty., Portland, Or., for plaintiff.

William L. Osterhoudt, San Francisco, Cal., for defendant Thomas.

Gregor D. Guy-Smith, San Francisco, Cal., for defendant Garrett.

Marc D. Blackman, Ransom, Blackman & Simson, Portland, Or., for defendant Hice.

Stephen A. Houze, Birkland & Houze, Portland, Or., for defendant Luttrell, aka Nally.

Roger J. Rosen, Los Angeles, Cal., for defendant Carlson.

Kenneth Lerner, Asst. Federal Public Defender, Portland, Or., for defendant Kennedy.

Ronald M. Sinoway, Inc., Redway, Cal., for defendant Davis.

William T. Park, Portland, Or., for defendant Bishop.

Jeffry Glenn, Berman & Glenn, San Francisco, Cal., for defendant Shepherd.

OPINION

MARSH, District Judge.

Following two days of hearings on detention pending trial, Judge William M. Dale, United States Magistrate for the District of Oregon, ordered the release on various conditions of the nine defendants charged herein. The government moved for a stay of Judge Dale's order. Judge James A. Redden denied that motion on July 1, 1987. The government also moved for revocation and/or modification of the conditional release order. This motion was held in abeyance pending indictment, arraignment and assignment to a district court judge. The

motion is now before me. Although Defendant Bishop did not file a written memorandum in opposition, his attorney was present at the hearing on reconsideration. Thus, this ruling pertains to Defendant Bishop as well as those who objected in writing.

**REVOCATION**

My authority to review Judge Dale's order of conditional release derives from 18 U.S.C. § 3145(a)(1). This section requires that the motion be determined promptly, but does not specify the scope of my review.

■ A district judge should not disturb a release decision made by a magistrate, or by another district judge, in the absence of either clear error of law or changed factual circumstances. *United States v. Logan,* 613 F.Supp. 1227, 1228 (D. Montana 1985). The standard of review for pretrial detention orders is one of deference to the district court's factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld. *United States v. Motamedi,* 767 F.2d 1403, 1406 (9th Cir.1985)[1]; *See also United States v. Cardenas,* 784 F.2d 937, 938 (9th Cir.1986) *vacated as moot* 792 F.2d 906 (9th Cir.1986). Accordingly, I have reviewed the transcript of the proceedings, the record and the findings of Judge Dale.

The overall mandate of the Bail Reform Act of 1984 is to "release a person facing trial under the least restrictive condition or combinations of conditions that will reasonably assure the appearance of the person as required." *Motamedi,* 767 F.2d at 1405.

The Bail Reform Act of 1984 requires detention of a criminal defendant if "... no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c) (1982 Supp. III.) A rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e).

Here, the applicable statute is 21 U.S.C. § 841(b)(1)(A)(vii). It provides for a term of imprisonment which may not be less than ten years or more than life.

■ The statute requires that the defendant produce some credible evidence forming a basis for his contention that he will appear and not pose a threat to the community in order to rebut the presumption. *United States v. Jessup,* 757 F.2d 378 (1st Cir.1985)[2]. Once the presumption has been rebutted, the burden shifts. "In a full-blown adversary hearing, the government must convince a neutral decision maker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987). Thus the government must demonstrate by a preponderance of evidence that the defendants represent a risk of flight and by clear and convincing evidence that they represent a danger to the community. *Motamedi,* 767 F.2d at 1406.

In ascertaining whether to detain or release a defendant, the judicial officer is directed by the statute to consider: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct,

---

1. Disagreed with and declined to follow by other circuits on the issue of the constitutionality of the Bail Reform Act of 1984. *United States v. Portes,* 786 F.2d 758 (7th Cir.1985); *United States v. Melendez-Carrion,* 790 F.2d 984 (2d Cir.1986); *United States v. Rodriguez,* 803 F.2d 1102 (11th Cir.1986). *But see United States v.*

2. Called into doubt and declined to follow as in fn 1 *supra.*

*Salerno,* — U.S. —, 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987) (Bail Reform Act of 1984 is not facially invalid under the Due Process Clause).

history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Mayors v. C.I.R.*, 785 F.2d 757 (9th Cir.1986) *citing Cardenas*, 784 F.2d at 938; *Motamedi*, 767 F.2d at 1407.

I note that Judge Dale specifically found that there was no real evidence of flight based upon the factors that he reviewed. Further, he found that each of the defendants constituted a danger to the community because of the amount of marijuana seized and the organized nature of this importation of contraband. Thus, he concluded that they were not eligible for release on their own recognizance. However, he did find that there were conditions specified in the Bail Reform Act which would reasonably assure the appearance of the defendants and the safety of the community. Specifically he noted that the intensive pretrial supervision provided defendants makes it extremely improbable that any of the defendants will participate in smuggling operations while out on bail.

█ Since Judge Dale made his finding of risk of flight, the defendants have all timely appeared in this court for arraignment. This bolsters Judge Dale's findings. After a review of the testimony and evidence presented at the detention hearing and with no further evidence, I agree with Judge Dale. The government did not meet its burden of proving that the defendants represented a risk of flight. Further, although the defendants may pose a danger to the community, I agree with Judge Dale that the conditions imposed are sufficient to prevent the defendants from posing that danger. The government's motion for revocation is denied.

## MODIFICATION

Alternatively, the government moves for a modification of the conditions imposed on the defendants. Specifically, the government requests addition of a condition providing that if the case proceeds to trial and a defendant fails to appear, that the trial may proceed in the defendant's absence.

The government cites two cases as authority. Both are clearly distinguishable. *Phillips v. United States* holds that a trial may continue in a defendant's absence. *Phillips v. United States*, 334 F.2d 589, 591 (9th Cir.1964) *cert. denied* 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965) (after receiving all of the evidence, court could properly instruct jury and receive its verdict in defendant's absence upon finding that defendant was voluntarily absent from that portion of the trial). Here, the issue is very different. The issue is whether to hold a trial *in absentia* as a condition of release.

*Brewer v. Raines* stands for the proposition that an inference of voluntariness of a defendant's absence from a criminal trial created by an Arizona rule of criminal procedure was constitutional. *Brewer v. Raines*, 670 F.2d 117, 118 (9th Cir.1982). The Arizona rules do not apply here, the Federal Rules of Criminal Procedure are applicable. The government's attempt to analogize that holding to the facts at hand is not persuasive.

Fed.R.Crim.P. 43 is the rule regarding presence of the defendant. Specifically the rule states, "[t]he defendant shall be present at ... every stage of the trial ... except as otherwise provided." The rule goes on and states that continued presence is not required if the defendant is voluntarily absent after the trial has commenced. Fed.R.Crim.P. 43(b)(1). The Ninth Circuit has considered whether a defendant must be present when a trial commences and found that a defendant may waive his right just as he may waive his rights at later stages. *United States v. Peterson*, 524 F.2d 167, 184 (4th Cir.1975) *cert denied* 423 U.S. 1088, 96 S.Ct. 881, 1136, 47 L.Ed.2d 99 (1976). However, in so holding, the court recognized that a question of fact existed as to whether or not the defendant was voluntarily absent from the commencement of his trial. *Id.* Further, the court held

that the decision of whether or not to hold the trial rested in the sound discretion of the court. *Id.* at 185.

Although the above cases do not directly address the issue of whether imposition of this type of condition is ever appropriate, it may be an appropriate condition. For instance, if it was offered as a condition by a defendant, the court might find it appropriate if voluntarily offered. Therefore, the real issue is whether or not the defendant waives presence at a trial voluntarily.

■ The condition that the government has asked me to impose is not one that relates to the factors a judicial officer considers under 18 U.S.C. § 3142. The government has provided no further evidence of violation of the release orders. While such waiver may be requested as a further condition of release, it would have to be voluntarily accepted. Thus, if I were to impose that condition at this time, without some evidence that the conditions already imposed were insufficient, it would imply an influenced waiver unnecessary to assure compliance with the law governing release. While the waiver might have been imposed by Judge Dale if he felt it was an appropriate condition, I do not feel that there is any change in circumstances that would justify my imposing *trial in absentia* as an additional condition at this time.

## CONCLUSION

The government's motion for revocation of bail or alternatively for modification of the conditions is DENIED.