**UNITED STATES of America, Plaintiff,**

v.

**Juan Rolando PEREZ–PACHARI, et al., Defendants.**

Crim. No. 87–01424–02.

United States District Court,
D. Hawaii.

Dec. 3, 1987.

---

Daniel A. Bent, Elliot Enoki, Louis A. Bracco, U.S. Attys. Office, Honolulu, Hawaii, for plaintiff.

Hayden Aluli, Federal Public Defenders Office, Honolulu, Hawaii, for defendants.

ORDER AFFIRMING MAGISTRATE'S DETENTION ORDER

KAY, District Judge.

I.

On October 5, 1987, the Honorable Bert S. Tokairin, United States Magistrate, held a detention hearing regarding defendant Juan Rolando Perez–Pachari, and ordered the defendant detained. On October 13, 1987, this matter came before this Court on Defendant's Motion for Immediate Review of Magistrate's Detention Order. At the October 13 hearing, this Court ordered the matter remanded to the Magistrate for

written findings of fact and conclusions of law. The parties were directed to file written memoranda for the Magistrate, specifically addressing the issues raised before this Court regarding the proper scope of cross-examination at a detention hearing, especially with regard to disclosure of the identity of confidential informants. The Magistrate's Findings of Fact and Conclusions of Law were filed on November 4, 1987, and Defendant filed the present Motion For Immediate Review of Magistrate's Findings of Fact and Law Regarding Defendant's Detention Hearing of October 5, 1987 on November 19, 1987.

## II.

The detention hearing at issue was conducted pursuant to 18 U.S.C. § 3142(f), which is held to determine whether "any condition or combination of conditions ... will reasonably assure the appearance of the person as required and the safety of any other person and the community" in certain specified cases, including certain drug-related offenses which carry a maximum sentence of ten years or more. At the hearing, the government proffer in support of detention included allegations that Defendant was charged with violations of the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.) which would carry a maximum sentence of ten years or more. The government proffer also asserted that Defendant is a Peruvian national with no ties to the community. The government's proffer included facts regarding the offenses charged, including Defendant's admissions that he had mailed a quantity of cocaine from Peru and Defendant's identification of cocaine which previously had been sent to Honolulu. Notably absent from the government's proffer was any reference to a confidential informant. Drug Enforcement Administration Agent Robert A. Aiu testified at the hearing, affirming that the government proffer was correct.

Defendant did not contest any element of the government's proffer. Instead, Defendant submitted the affidavit of Agent Aiu which formed the basis for the complaint, and sought to cross examine Aiu regarding elements of that affidavit which were not submitted by the government in support of detention, specifically regarding the identity of a confidential informant who was involved in the transactions. The Magistrate refused to allow Defendant to cross examine Agent Aiu about such matters because information concerning the confidential informant was not a part of the government's proffer in support of detention.

## III.

Under the Bail Reform Act, a defendant is to be detained pending trial only if the court determines that there are no conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. In making this determination, 18 U.S.C. § 3142(g) lists several factors to be considered:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—(a) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (b) whether, at the time of the current offence or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Magistrate specifically found that defendant is charged with crimes involving narcotic drugs, and that Defendant is a citizen of Peru with no family or employ-

ment ties to this community and does not reside in this community.

■ Defendant contends that cross-examination concerning the identity and role of the confidential informant in this case should have been allowed as relevant to the court's consideration of the "weight of the evidence" against him.

18 U.S.C. § 3142(f) provides that a defendant "shall be afforded an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." This right of cross-examination is not, however, unfettered. The inquiry involved in a detention hearing is limited, and cross examination of witnesses must accordingly be limited so as to prevent the hearing from becoming a full-blown trial. *United States v. Martir,* 782 F.2d 1141, 1145 (2d Cir.1986) In addition, unless a defendant makes some proffer that the information offered by the government is incorrect, the court is not required to allow defendant to make any cross examination of witnesses forming the basis of the government's proffer. *United States v. Winsor,* 785 F.2d 755 (9th Cir. 1986). Since Defendant made no proffer that the government's information was incorrect, the Magistrate was not required to allow any cross examination of Agent Aiu at all, let alone cross examination with regard to matters which did not form the basis of the government's proffer.

In addition, the "weight of the evidence" factor is the least important of the factors, and is only to be considered in light of the limited purposes of the detention hearing: "Section 3142 neither requires nor permits a pretrial determination that the person is guilty; the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community." *Id.* at 757. Since evidence which involved the role of the confidential informant was not proffered by the government, a determination that the proffered evidence was sufficiently strong to indicate that the charges were serious enough to justify fleeing from them would not be dependent on the role of the

informant, and so cross examination regarding that informant would be irrelevant.

Defendant cites *United States v. Baldinger,* Crim. Case No. 3:85–00031 (M.D. Tenn., May 8, 1985) [available on WEST-LAW, 1985 WL 2043] as support for his right to cross examine Agent Aiu regarding the confidential informant. In that case, the defendant was accused of crimes involving business misrepresentations. The government's proffer at the detention hearing consisted of testimony from a United States Postal Inspector who asserted that past incidents indicated that the defendant had a propensity for violent behavior, and there was a fear that the defendant would intimidate witnesses. The defendant attempted to cross-examine the Inspector regarding the source of his information about defendant's past violent behavior, and the government objected on the ground that the government had the right to withhold disclosure of the identity of persons who may be witnesses at trial. The defendant stated that the purpose of the inquiry was to ascertain whether the person providing the information was defendant's ex-wife, who was alleged to harbor ill-will toward the defendant. The Magistrate held that the identity of the informant must be disclosed unless the informant qualified as a confidential informant under *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), or there was some clear and present danger to the witness by the disclosure. The court stated that "[s]uch cross-examination at this stage of the proceeding must be limited, however, only to the witness(es) upon whose testimony the government relies for its detention motion, namely the identity of the witness(es) and the substance of the witness' knowledge on the detention issue." *Baldinger,* supra. In *Baldinger,* the information provided by the informant provided the basis for the defendant's detention. In the present case, the government has not relied on information provided by the confidential informant in support of detention, and thus cross-examination regarding the informant is irrelevant to the detention issue.

Defendant has made no proffer that the government's proffer at the initial hearing before the Magistrate was inaccurate, and no such proffer was submitted to this court at the subsequent hearing to review the Magistrate's detention order. Since this court is also unwilling to allow cross-examination of Agent Aiu regarding the identity of the confidential informant, further hearing on this matter is not necessary. Accordingly, it is hereby ORDERED that the Magistrate's detention order of October 5, 1987 is AFFIRMED.