**UNITED STATES of America,**

v.

**Brent Jeffrey MESHER, Defendant.**

**No. 89–428–M.**

United States District Court,
D. Oregon.

March 6, 1989.

Charles H. Turner, U.S. Atty., D. Oregon, Kenneth C. Bauman, Asst. U.S. Atty., Portland, Ore., for U.S

Norman Sepenuk, Portland, Ore., for defendant.

## AMENDED OPINION

MARSH, District Judge.

Following a hearing on detention pending trial, Judge William M. Dale, United States Magistrate for the District of Oregon, ordered the release of the defendant charged herein, subject to various conditions. The government moved for revocation of the conditional release order. The motion is now before me.

### STANDARD

I determine that my review of this matter is de novo. *United States v. Maull,* 773 F.2d 1479 (8th Cir.1985); *See, United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir.1985) (because review of a release determination presents a mixed question of law and fact, the court must make an independent examination of the facts and findings); *See also, U.S. v. Cardenas,* 784 F.2d 937, 939 (9th Cir.1986) and *Marino v. Vasquez,* 812 F.2d 499 (9th Cir.1987) (factual

determinations of district court are reviewed de novo.)

My responsibility is to "reconsider the conditions of release fixed by another judicial officer ... as unfettered" as I would be if I was considering whether to amend my own action. *Maull*, 773 F.2d at 1481.

## DISCUSSION

The overall mandate of the Bail Reform Act of 1984 is to "release a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

The Bail Reform Act of 1984 requires detention of a criminal defendant if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. Sec. 3142(c) (1982 Supp. III.) A rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. Sec. 3142(e).

Here, the applicable statute is 21 U.S.C. Sec. 841(a)(1). It provides for a term of imprisonment, the maximum of which exceeds ten years. Judge Dale found probable cause to exist that the defendant violated this law and I agree.

The presumption of flight and danger to the community requires that defendant produce some credible evidence to support his contention that he is suitable for release. *U.S. v. Thomas*, 667 F.Supp. 727, 728 (D.Or.1987); *U.S. v. Palmer–Contreras*, 835 F.2d 15, 17–18 (1st Cir.1987); *U.S. v. Jessup*, 757 F.2d 378 (1st Cir.1985); *U.S. v. Diaz*, 777 F.2d 1236 (7th Cir.1985). While the burden of production shifts to the defendant, the burden of persuasion remains with the government. *Jessup*, 757 F.2d at 381. In the Ninth Circuit, the government must establish the risk of flight by a "clear preponderance of the evidence." *Motamedi*, 767 F.2d at 1406; *U.S. v. Winsor*, 785 F.2d 755, 757 (9th Cir.1986); *U.S. v. Cardenas*, 784 F.2d 937, 939 (9th Cir.1986); *Thomas*, 667 F.Supp. at 728. A finding that defendant's release presents a danger to the community must be supported by clear and convincing evidence. *Motamedi*, 767 F.2d at 1406.

However, even if the defendant offers some evidence in rebuttal, the presumption of flight does not disappear, but rather "retains evidentiary weight—the amount depending on how closely defendant's case resembles the congressional paradigm." *Palmer–Contreras*, 835 F.2d at 18.

"In ascertaining whether to detain or release a defendant, the judicial officer is directed by the statute to consider: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Mayors v. C.I.R.*, 785 F.2d 757 (9th Cir.1986) *citing Cardenas*, 784 F.2d at 938; *Motamedi*, 767 F.2d at 1407.

I note that Judge Dale specifically found that there was real evidence of a danger of flight based upon the factors that he reviewed. Further, he found that the defendant constituted a danger to the community because of the obvious involvement in illegal drug trafficking of a great magnitude. However, he did find that there were conditions specified in the Bail Reform Act which would reasonably assure the appearance of the defendant and the safety of the community. These conditions include that defendant maintain his present business, reside with his parents and abide by a curfew, that he consent to searches and UA testing, and that he pledge two pieces of property as security.

I agree that there is not only a danger of flight with this defendant, but also a dan-

ger to the community as found by Judge Dale. However, I do not agree that there are conditions that will reasonably assure defendant's appearance.

To begin with, I find that defendant has not overcome the presumption of flight. In this case I am particularly influenced by the fact that there was, at a minimum, some passing interest in off-shore banking as well as an admitted past involvement in off-shore investments as evidenced by Government's Exhibit 1 and 3.

In addition, large amounts of cash (over $623,000 to date) were seized from a safety deposit box and storage shed. The fact that defendant specifically avoided normal banking procedures coupled with the evidence of his interest in off-shore entities indicates to me the likelihood of some distant plan of the defendant to remove himself from this jurisdiction when the circumstances warrant it.

Defendant's recent living situation is further evidence that he has the knowledge and ability to avoid contact through normal means of communication. Defendant has no established residence and the fact that he has used others' names to obtain titles and utility service indicates not only a deceptive attitude, but an ability to remain unreachable.

Further, while I have the confidence in the defendant's parents that Judge Dale had, it is not my confidence in them that counts. They have been deceived by the defendant. Their testimony indicated that they had no idea their son was involved in illegal drug trafficking and were shocked by his actions. Their lack of an accurate assessment of the defendant requires that I give little weight to their opinions. The testimony demonstrates that defendant's parents have had little control over his actions, so I have no basis for concluding that releasing him to his parents' custody will assure his appearance.

The large amount of drugs and money involved in this case indicates that defendant was involved in a major, sophisticated drug transaction. Furthermore, the weight of evidence against defendant appears great. The evidence at the detention hearing indicates that defendant was caught red-handed and the security offered as bond for release is "trivial" in the context of the resources surrounding the drug transactions involved here. *See, Palmer-Contreras*, 835 F.2d at 17 (release denied under similar circumstances.)

Further, the presumption of 18 U.S.C. Sec. 3142(e) was included by Congress for the very reasons that are relevant here— drug traffickers generally have both economic resources and foreign contacts to escape to other countries to avoid prosecution. *U.S. v. Melendez*, 700 F.Supp. 82, 83 (D.Puerto Rico 1988). For people involved in large scale drug trafficking, forfeiture of a bond "is simply a cost of doing business." *Id.* I find that the defendant fits the paradigm that Congress intended this presumption apply to and that defendant has failed to rebut that presumption.

In addition there were several crucial matters brought out in the supplemental hearing that were not before Judge Dale. First, there was the finding of an additional $15,000 in a gym bag which demonstrates that there still may be a large amount of assets that defendant has secreted and which would be available to him if released. Second a weapon was discovered at the storage unit which augments Judge Dale's finding that defendant poses a threat to the safety of the community. Third, I had all of the exhibits made available to me for close inspection. The exhibits were not offered or received during the hearing before Judge Dale and the transcript only reveals discussion of Exhibits 3 and 4. Had this additional evidence been before Judge Dale, I believe that he would have come to the same conclusion as I do here.

Thus when considering the four criteria of *Mayors*, supra, I find that the nature and seriousness of the offense is high and the weight of the evidence to be clear and convincing. Further, I find that defendant's character is vague and that the roots that are usually present with someone who has lived in an area almost all of his life are not present in this case. Finally, the nature and seriousness of the danger to the community is obvious and has been estab-

lished by the government by clear and convincing evidence.

## CONCLUSION

Based on the foregoing, I find that defendant has failed to overcome the presumption of 18 U.S.C. Sec. 3142(e) and find, as did Judge Dale, that releasing him represents a danger of flight and a threat to the community. However, because I do not find any combination of conditions that would reasonably assure defendant's appearance, Judge Dale's Order of Release is hereby revoked and defendant is to be detained.