UNITED STATES of America,
Plaintiff,

v.

Maurice BIBBS, Defendant.

No. CR 07–336 WHA (BZ).

United States District Court,
N.D. California.

June 8, 2007.

William Frentzen, U.S. Attorney's Office, San Francisco, CA, for Plaintiff.

## ORDER OVERRULING DEFENDANT BIBBS'S OBJECTION TO THE GOVERNMENT PROCEEDING AT THE DETENTION HEARING BY WAY OF PROFFER

ZIMMERMAN, United States Magistrate Judge.

At his initial appearance on May 31, 2007, the Government moved to detain Mr. Bibbs and a hearing was scheduled for June 7, 2007. Defendant objected to the Government proceeding by way of proffer at the detention hearing, and filed a memorandum supporting his objection. Defendant renewed his objection at the June 7 hearing, and requested that I issue subpoenas for the Government's witnesses. Essentially, defendant argues that under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), allowing the government to proceed by proffer violates his Sixth Amendment right of confrontation.

Prior to *Crawford,* the Ninth Circuit and every other circuit of which I am aware, had ruled that "the government may proceed in a detention hearing by proffer or hearsay." *U.S. v. Winsor,* 785 F.2d 755, 756 (9th Cir.1986) (citations omitted); *see also U.S. v. Smith,* 79 F.3d 1208, 1210 (D.C.Cir.1996) (collecting cases). *Crawford* rejected the use of hearsay testimony at **trial** as violating a defendant's Sixth Amendment right to confront his accusers. *See* 541 U.S. at 50–51, 124 S.Ct. 1354 ("[W]e once again reject the view that the Confrontation Clause applies of its own force only to in-court testimony, and that its application to out-of-court statements introduced at *trial* depends upon 'the law of Evidence for the time being.' ") (emphasis added); *id.* at 53–54, 124 S.Ct. 1354 ("[T]he Framers would not have allowed admission of testimonial statements of a witness who did not appear at *trial* unless he was unavailable to testify, and the de-

fendant had had a prior opportunity for cross-examination.") (emphasis added); *id.* at 59, 124 S.Ct. 1354. The Ninth Circuit recently described *Crawford* as "speaking to trial testimony." *U.S. v. Littlesun,* 444 F.3d 1196, 1199 (9th Cir.2006).[1]

Nothing in *Crawford* requires or even suggests that it be applied to a detention hearing under the Bail Reform Act, which has never been considered to be part of the trial. Shortly after the Bail Reform Act was passed, the Supreme Court held that a detention hearing is not a "criminal prosecution" to which the Sixth Amendment applies. *See U.S. v. Salerno,* 481 U.S. 739, 746–52, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (emphasizing the regulatory purpose of pre-trial detention); *see also U.S. v. Gebro,* 948 F.2d 1118, 1121–22 (9th Cir.1991) ("[T]he bail statute neither requires nor permits a pretrial determination of guilt."); *U.S. v. Winsor,* 785 F.2d 755, 756–57 (9th Cir.1986) (defendant has no right to cross-examine adverse witnesses not called to testify in detention hearing); *cf. U.S. v. Hall,* 419 F.3d 980 (9th Cir.2005) (Sixth Amendment does not apply to revocation hearing on supervised release).

■ Defendant has cited no authority (post-*Crawford* or otherwise), and I have found none, for the proposition that the Sixth Amendment right to confront witnesses applies in a detention hearing. To the contrary two other judges of this court have ruled that *Crawford* did not alter the procedures for conducting detention hearings under the Bail Reform Act. *See U.S.*

*v. David Henderson,* CR 05–672 MHP (EMC) (Order of Detention Pending Trial, Docket No. 11); *U.S. v. Leonardo Henderson,* CR 05–609 JSW (ECL) (Order of Detention Pending Trial, Docket No. 12).[2] I therefore reject defendant's Sixth Amendment argument.

■ I also reject defendant's argument that the due process clause requires me to allow defendant to subpoena the Government's witnesses for cross-examination. Without explaining the source of the right, *Winsor* suggests that where facts material to the detention decision are in dispute, a defendant may have a right to cross-examine adverse witnesses. *See* 785 F.2d at 756–57. At the hearing, counsel generally denied defendant's guilt but proffered little in the way of specific, material factual disputes. Neither the Ninth Circuit nor Congress intends the detention hearing to serve as a mini-trial on the ultimate question of guilt. At any rate, as explained in my separate detention order, I relied almost exclusively on non-disputed facts to justify detention.

For the foregoing reasons, defendant's objection to the Government's use of proffers is **OVERRULED.**

---

**1.** While *Littlesun* dealt with sentencing hearings, not detention hearings, the court's description of the holding of *Crawford* applies with equal force.

**2.** In *U.S. v. Abuhamra,* 389 F.3d 309 (2nd Cir.2004), the court held that the District Court's reliance on information it received ex-parte and in camera information to deny bail violated defendant's due process rights and

the public's Sixth Amendment right to a public hearing. The viability of *Abuhamra* in the Ninth Circuit is not clear. *See U.S. v. Terrones,* 712 F.Supp. 786 (S.D.Cal.1989)(relying on information received in camera to detain defendant), conviction aff'd in *U.S. v. Sanchez,* 908 F.2d 1443 (9th Cir.1990). In any event, the Second Circuit in *Abuhamra* did not reach the Sixth Amendment confrontation clause.