**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Robert WALKER, Defendant-Appellee.**

**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Duon WALKER, Defendant-Appellee.**

Nos. 86–5264, 86–5272.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 27, 1986.

Decided Nov. 5, 1986 *.

Opinion Jan. 28, 1987.

---

* 18 U.S.C. § 3145(c) (Supp. III 1985) requires the court to promptly consider appeals from release

Roel C. Campos, Los Angeles, Cal., for plaintiff-appellant.

Frank Duncan, Los Angeles, Cal., and Jerry Kaplan, Beverly Hills, Cal., for defendants-appellees.

William J. Genego, Los Angeles, Cal., for amicus curiae.

Before KOELSCH, ANDERSON and HALL, Circuit Judges.

**CYNTHIA HOLCOMB HALL, Circuit Judge:**

On October 2, 1986, the government filed this emergency motion seeking revocation of the district court's orders releasing defendants Duon Walker and Robert Walker pending trial. For the reasons set forth below, we grant the government's motion.

### I

Duon Walker is charged with possession with intent to distribute six kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). During a search of his residence pursuant to a warrant, government agents recovered, among other things, two loaded rifles, three loaded handguns, and several rounds of ammunition.

Robert Walker is charged with conspiracy to distribute one kilogram of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982). He was armed with a handgun when he allegedly attempted to sell the cocaine to undercover agents.

On September 3, 1986, the defendants appeared before a magistrate, and the government moved for pretrial detention under the Bail Reform Act of 1984, 18 U.S.C. § 3142 (Supp. III 1985). At a hearing held on September 5, 1986, the magistrate granted the government's motion for pretrial detention of both defendants, finding that no condition or conditions of release would reasonably assure the safety of the community. See 18 U.S.C. § 3142(e). The defendants then moved the district court for revocation of the detention orders pursuant to 18 U.S.C. § 3145(b) (Supp. III 1985).

After a de novo review of the detention orders, the district court found that the government had established by clear and convincing evidence that no condition or conditions of release would reasonably assure the safety of the community if either of the defendants were released pending trial. The court then addressed whether

orders. On November 5, 1986, this court issued an order revoking the district court's release

orders. We now issue our opinion detailing the reasons for that decision.

the pretrial detention provision of 18 U.S.C. § 3142(e) was facially constitutional. Adopting the analysis of *United States v. Salerno*, 794 F.2d 64 (2d Cir.), *cert. granted,* —— U.S. ——, 107 S.Ct. 397, 93 L.Ed.2d 351 (U.S.1986), the court held that pretrial detention based solely on the ground of dangerousness violates substantive due process. Accordingly, it revoked the magistrate's detention orders. The government then filed this emergency motion.

## II

This circuit has not yet addressed the constitutionality of that portion of 18 U.S.C. § 3142(e) which allows detention based on the ground of dangerousness. The First, Third, Seventh, and Eleventh Circuits have all held the provision to be constitutional. *See United States v. Rodriguez*, 803 F.2d 1102 (11th Cir.1986); *United States v. Zannino*, 798 F.2d 544 (1st Cir.1986); *United States v. Perry*, 788 F.2d 100 (3d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 218, 93 L.Ed.2d 146 (1986); *United States v. Portes*, 786 F.2d 758 (7th Cir.1985). *See also United States v. Kouyoumdjian*, 601 F.Supp. 1506 (C.D.Cal. 1985). Only the Second Circuit has found the provision to be unconstitutional. *See United States v. Salerno*, 794 F.2d 64 (2d Cir.), *cert. granted,* —— U.S. ——, 107 S.Ct. 397, 93 L.Ed.2d 351 (1986).

 We agree with the circuits that have held that the provision of the Bail Reform Act allowing pretrial detention because of the potential dangerousness of the accused is constitutional. Specifically, we hold that pretrial detention based on dangerousness pursuant to 18 U.S.C. § 3142(e) does not violate a defendant's fifth amendment right to substantive due process. *Zannino*, 798 F.2d at 546–47; *Perry*, 788 F.2d at 112–13; *Portes*, 786 F.2d at 767; *Kouyoumdjian*, 601 F.Supp. at 1511. *See also Salerno*, 794 F.2d at 75–78 (Feinberg, C.J., dissenting).

## III

 The district court's finding that no condition or combination of conditions of release would reasonably assure the safety of the community if either Duon Walker or Robert Walker were released pending trial is not clearly erroneous. *See United States v. Winsor*, 785 F.2d 755, 757 (9th Cir.1986) (appellate court should review district court's findings on pre-trial detention matters under the clearly erroneous standard). Accordingly, since we have held the pretrial detention provision of 18 U.S.C. § 3142(e) to be constitutional, the government's motion for revocation of the district court's release orders is granted.