**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Wayne PARKER,
Defendant–Appellant.**

No. 88–1356
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 10, 1988.

Thomas S. Morgan, Midland, Tex. (Court-appointed), for defendant-appellant.

Helen M. Eversberg, U.S. Atty., San Antonio, Tex., LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOLLY, Circuit Judges.

PER CURIAM:

A criminal defendant challenges the constitutionality of the Bail Reform Act of 1984 in an appeal from a pre-trial detention order. We find the challenge without merit.

## I.

A federal grand jury charged Kenneth Wayne Parker ("Parker") with conspiracy to kidnap two women under 18 U.S.C. § 1201(c), and following Parker's arrest, the government moved to detain him without bail under 18 U.S.C. § 3142. A federal magistrate conducted a detention hearing, at which Parker did not testify, and ordered Parker detained pending trial because the magistrate found by clear and convincing evidence that Parker posed a threat to witnesses or jurors and a danger to the community. The district court subsequently denied Parker's motion to revoke the detention order, and Parker timely appealed. On appeal, Parker challenges the validity of the Bail Reform Act of 1984 ("the Act"), specifically 18 U.S.C. § 3142, on the grounds that it deprives a criminal defendant of the privilege against self-incrimination and the right to effective assistance of counsel and that it undermines the presumption of innocence.

## II.

Parker contends that the Act is facially unconstitutional for reasons not addressed by the United States Supreme Court in *United States v. Salerno*, — U.S. —, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). To successfully challenge the Act on its face, however, Parker must establish "that no set of circumstances exists under which the Act would be valid." *Salerno*, 107 S.Ct. at 2100. He does not do so here.

### A. Self-Incrimination

■ The Act provides that a judicial officer must consider certain factors in determining whether to detain a criminal defendant, including the nature and circumstances of the offense charged and the weight of the evidence against the accused. *See* 18 U.S.C. § 3142(g). Consequently, Parker contends that the Act vitiates a defendant's fifth amendment privilege against self-incrimination because it requires the judicial officer to address the merits of the government's allegations and thus compels the defendant to testify in order to rebut those allegations. Parker's argument is meritless.

We squarely rejected a similar argument in *United States v. Dohm*, 618 F.2d 1169, 1173–74 (5th Cir.1980) (en banc), where we held that a bail hearing does not compel a criminal defendant to testify in violation of the fifth amendment and that a defendant need not divulge the facts of his case in order to secure his release. Although *Dohm* was decided under the prior law, Congress derived most of the current factors in section 3142(g), including the two cited by Parker, from the former bail statute. *Compare* 18 U.S.C. § 3142(g) *with* 18 U.S.C. § 3146(b) (1982) (repealed 1984). Thus the focus of a detention hearing has not significantly changed. *See United States v. Ingraham*, 832 F.2d 229, 238 (1st Cir.1987).[1] The charging instrument and the government's evidence will provide in-

1. In certain cases, the Act may implicate fifth amendment concerns because it provides a rebuttable presumption of dangerousness. *See* 18 U.S.C. § 3142(e). The Third Circuit has interpreted the Act to require the grant of use-fruits immunity in cases where the presumption arises. *See United States v. Perry*, 788 F.2d 100, 115–16 (3d Cir.1986). We need not decide the issue here, however, because no presumption operated at Parker's detention hearing and he simply rests his facial challenge on previously rejected arguments.

formation concerning the factors, and the Act does not demand further explanation by the defendant. If the defendant wishes to rebut the government's allegations and evidence, he need not personally testify because he may present evidence through hearsay or by proffer. *See* 18 U.S.C. § 3142(f). Moreover, the factors that cause Parker concern are not the only relevant ones; a defendant may focus his evidence on other factors that are unrelated to the alleged offense, such as his character, employment history, family status, and community ties. *See* 18 U.S.C. § 3142(g)(3); *see also Ingraham*, 832 F.2d at 237–38.

### B. Presumption of Innocence

■ The Act provides that a rebuttable presumption arises if the judicial officer finds probable cause to believe that the defendant committed certain offenses. *See* 18 U.S.C. § 3142(e). Parker contends that the presumption of innocence is destroyed because the judicial officer makes the finding of probable cause at a public hearing and thereby places a stamp of approval on the indictment that did not exist before and that is broadcast to the community. This argument is frivolous. A judicial finding of probable cause at a detention hearing no more damages the presumption of innocence than does the indictment itself or a similar finding at a preliminary hearing. Apparently, Parker's real concern is the effect of pre-trial publicity; that concern, while important, does not render the Act unconstitutional. Adequate safeguards exist to guard against prejudicial pre-trial publicity, and a criminal defendant's remedy is to avail himself of those safeguards.

### C. Effective Assistance of Counsel

■ Finally, Parker asserts that the Act denies a pre-trial detainee the effective assistance of counsel because it limits the detainee's access to his attorney and his participation in preparing a trial defense. This contention is similarly without merit. The Act provides that a detention order must direct that the detainee "be afforded reasonable opportunity for private consultation with counsel," and a judicial officer may subsequently order the temporary re-

lease of the detainee "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense." 18 U.S.C. § 3142(i). Those provisions are sufficient to defeat Parker's facial challenge to the Act "whether or not they might be insufficient in some particular circumstances." *See Salerno*, 107 S.Ct. at 2103. Moreover, Parker's argument does not depend on a provision of the Act but applies to any case in which a criminal defendant is detained pending trial. We decline to hold that pre-trial detention is itself unconstitutional.

### III.

For the above reasons, we AFFIRM the district court's order denying revocation of the magistrate's pre-trial detention order.