**UNITED STATES of America**

v.

**Christ SAVIDES.**

**No. 87 CR 17–1.**

United States District Court, N.D. Illinois.

March 5, 1991.

Fred Foreman, U.S. Atty. by William Cook, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Edward M. Genson, Genson, Steinback & Gillespie, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Defendant Christ Savides asks the court to reduce his sentence or, in the alternative, restructure his sentence in light of the findings of the Seventh Circuit in *United States v. Pace*, 898 F.2d 1218 (7th Cir.), *cert. denied, Cialoni v. United States*, — U.S. ——, 110 S.Ct. 3286, 111 L.Ed.2d 795 (1990); *Savides v. United States*, — U.S. ——, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). For the reasons stated below, the court denies Savides' motion to reduce his sentence, but grants Savides' request to restructure his sentence.

Defendant Savides was convicted of one count of conspiracy to distribute and to possess with intent to distribute a controlled substance (Count I) in violation of 21 U.S.C. § 846, six counts of delivery of a controlled substance or possession of a controlled substance with intent to deliver (Counts II–VII) in violation of 21 U.S.C. § 841(a)(1), and one count of engaging in a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848 (Count VIII). The court sentenced Savides to ten years of imprisonment and a $100,000 fine on the conspiracy charge (Count I); ten years of imprisonment on each of the possession charges (Counts II–VII) to be served concurrently to that for the conspiracy charge, as well as a total of $300,000 in fines; and ten years of imprisonment on the CCE charge (Count VIII) to be served consecutively to the other sentences. Additionally, a fine of $100,000 was imposed on Count VIII. Subsequently, in *Pace*, 898 F.2d at 1218, the Seventh Circuit found, based on the government's confession of error, that consecutive sentences should not have been imposed for the conspiracy and CCE convictions. The Seventh Circuit remanded for resentencing.

 On remand, the "trial judge must resentence according to the original sentencing intentions." *United States v. Shue*, 825 F.2d 1111, 1116 (7th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987). When imposing its original sentence, the court intended that

Savides be sentenced to ten years imprisonment on a parolable offense (conspiracy) and ten years imprisonment on a non-parolable offense (CCE). Resentencing Savides to twenty years of imprisonment for a non-parolable offense (CCE) would be in contravention of this court's intent and would, in effect, be penalizing Savides for exercising his right to appeal. *See United States v. Goodwin*, 457 U.S. 368, 372–73, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (defendant should not be punished for exercising statutory right). Therefore, the court imposes the following sentence: ten years imprisonment to be served concurrently for each of Counts II–VII, with a $25,000 fine for Count II, a $50,000 fine for each of Counts III, IV, V and VII as well as a $75,000 fine on Count VI; and ten years imprisonment on Count I, the conspiracy count, to be served concurrently with ten years imprisonment on Count VIII, the CCE count. While the sentences for Counts I and VIII are to be served concurrently with each other, they are to be served consecutively to the sentences for Counts II–VII. A fine of $200,000 will also be imposed entirely on Count VIII, the CCE offense. The fines are to run cumulatively. The special parole terms for Counts II and VIII and the special assessments on Counts I and III–VIII will remain the same as in the original sentence. *See Pace*, 898 F.2d at 1237–1238. *See also United States v. Mancari*, 914 F.2d 1014, 1021–1022 (7th Cir.1990) (trial judge may redesign sentencing package with same period of aggregate imprisonment and probation to reflect original sentencing intent).

Savides also asks the court to reduce his sentence on the basis of changed circumstances. The court finds that there has been no alteration in Savides' circumstances that would warrant a reduction in sentence. The factors Savides asks the court to take into account were, for the most part, present when Savides was originally sentenced and were taken into consideration by the court at that time. The additional factors cited by Savides do not offer sufficient support for granting a Rule 35 motion. Therefore, Savides' motion to reduce sentence is denied.