**UNITED STATES of America**

**v.**

**Kenneth WILLIAMS, Defendant.**

**Crim. No. 92–115–02.**

United States District Court, District of Columbia.

Aug. 19, 1992.

---

Christine Wright, Mark Hulkower, William Blier, Nash Schott, Quincy Ollison, Asst. U.S. Attys., Washington, D.C., for Government.

James Robertson, Washington, D.C., for defendant Kenneth Williams.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Defendant has filed several motions to revoke the detention order pending against him. The Court has heard testimony relating to these motions on several occasions. It is now prepared to rule.

In a superseding indictment dated May 28, 1992, Kenneth Williams is charged with a number of serious offenses including first degree murder, conspiracy, continuing criminal enterprise, RICO, RICO conspiracy, and distribution of crack cocaine. In an initial bond hearing held before Magistrate Sewell in the Eastern District of Virginia, Officer John Dowd of the United States Park Police and Officer Samuel Dale of the Arlington County police testified about the defendant's alleged activities, including an instance where he allegedly ordered two other individuals to murder someone. The Magistrate concluded that under the Bail Reform Act, 18 U.S.C. § 3142(e), pretrial detention without bond was appropriate.

Under the Bail Reform Act, a defendant may be held in pretrial detention where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e). In subsequent proceedings to review the detention order, the government is entitled to rely on a presumption in favor of detention based on the magistrate's finding that there is probable cause the defendant committed a narcotics offense punishable by a maximum term of imprisonment of ten years or more. *See id.* The presumption is rebuttable.

In hearings that this Court has held, the defendant's girlfriend, Tammy Tuck, and one of the defendant's neighbors on P Street, Audrey Thacker, testified. Ms. Tuck stated that she and Mr. Williams have two small children, that they live with her parents in Upper Marlboro, Maryland, and that Mr. Williams is her primary source of support. However, she also testified that Mr. Williams did not buy clothes for her or the children, that he did not contribute money for the household food, and that he may have other girlfriends. Ms. Tuck said that Mr. Williams had told her he worked for his uncle at Williams carpet and that he also had a job at Catholic University. Ms. Thacker stated that Mr. Williams and his family have lived on P Street for years.

Officer Dowd has also testified before the Court. He stated that he had done surveillance on houses at 10 and 12 P Street, Northeast and had seen the defen-

**36**

dant and others freely entering and exiting these buildings at all times of day and night. He also saw the defendant holding mail outside 10 P Street. He went to Catholic University to investigate whether Mr. Williams had ever worked there and found that he had not been employed there. He also testified that during the surveillance periods, he did not see Mr. Williams working nor did he see him go into Williams Carpet for anything but brief periods of time.

The defendant wanted to call another witness in support of his motion. When asked for a proffer, the counsel for the defendant claimed that the witness would testify that many of the allegations in the indictment were not factually correct and therefore should not be used as a basis for a finding of probable cause entitling the government to a presumption in favor of detention. Counsel also speculated that the witness was one of the confidential informants who told Officer Dowd about the defendant's alleged involvement in the murder and that he would now discredit his earlier statements. The government opposed calling this witness.

■■■ The purpose of a hearing on pretrial detention is to determine whether any set of conditions exist which would allow the defendant to be released from custody while still insuring the safety of the community and the defendant's presence at all court proceedings. The defendant may not use a pretrial detention hearing as a trial on the underlying indictment or as a method for getting discovery from potential witnesses. As the Ninth Circuit has said in no uncertain terms, in a pretrial detention hearing, "[t]he accused has no right to cross-examine adverse witnesses who have not been called to testify." *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir.1986) citing *United States v. Delker*, 757 F.2d 1390, 1397–8 (3d Cir.1985). Where the defendant wishes to rebut the presumption that arises when the magistrate has made a finding of probable cause, he has the opportunity to put on testimony that shows the Court how conditions of release will

guarantee the presence of the defendant in Court and how those same conditions will insure the safety of the community. He may directly attack the validity of the information proffered by the government to show dangerousness or risk of flight.[1] He may not, however, launch a generalized attack on the indictment. That is a matter to be taken up at trial, not at a pretrial detention review. Nor may the defendant require the government to divulge its confidential sources in such a proceeding. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

At best, the defendant can only speculate that the witness is one of three confidential informants who provided information to Officer Dowd. No proffer was made that he has any verifiable personal knowledge about the long list of crimes the defendant has allegedly committed. Hence, his testimony would be of no value in determining whether the defendant poses a danger to the community or a risk of flight.

The witnesses who have testified on behalf of the defendant have shown that Mr. Williams does have ties to this community. However, the testimony of Officer Dowd indicates that they were not fully aware of his employment status or whereabouts prior to his arrest in this case. Ms. Tuck herself testified that Mr. Williams has a child by another woman and may have other girlfriends. Consequently, the Court is not convinced that Ms. Tuck or her parents will be able to control the defendant and guarantee his presence in court.

The Court finds that there is no combination of conditions that would reasonably assure the presence of the defendant in court as well as the safety of the community. Therefore, it is this 19th day of August, 1992, hereby

ORDERED that defendant's motion for revocation of the order of pretrial detention pending against him is denied.

---

**1.** Obviously in certain extraordinary circumstances which are not present here the defendant may develop either extrinsic evidence or testimony that the defendant was not connected with the crime or the indictment was simply in error as it relates to him.