**UNITED STATES of America, Appellee,**

v.

**Gerald SMITH, Appellant.**

No. 95–3116.

United States Court of Appeals, District of Columbia Circuit.

March 29, 1996.

Alan C. Drew, Upper Marlboro, for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher and Bernice A. Harleston, Assistant United States Attorneys, for appellee.

Before BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

█ Gerald Smith appeals an order of the district court directing, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, that for the safety of the community he be detained in jail until his trial. We review the district court's finding of fact regarding the safety of the community for clear error. *See United States v. Simpkins,* 826 F.2d 94, 96 (D.C.Cir.1987).

The Bail Reform Act requires that a defendant be detained prior to trial if there is clear and convincing evidence that no conditions placed upon his release would reasonably assure the safety of the community. 18 U.S.C. § 3142(e) & (f). In determining whether the release of a defendant would endanger the community, the court must consider any available information concerning "the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug"; "the weight of the evidence against the person"; various personal information including character, employment, past conduct, and so on; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). This determination must be made following a detention hearing, at which the defendant may call witnesses or present information by proffer. 18 U.S.C. § 3142(f). If the court finds probable cause to believe that the defendant committed a drug offense for which a maximum penalty of ten years imprisonment or more is prescribed, the court must presume, subject to rebuttal by the defendant, that no combination of conditions upon the defendant's release would reasonably assure the safety of the community and the appearance of the defendant as required. 18 U.S.C. § 3142(e).

Smith was charged by indictment with first degree murder, armed robbery, and various narcotics and weapons violations. After a magistrate judge found that Smith should be detained pending trial, Smith sought a de novo detention hearing before the district court. At that hearing the Government presented the indictment in order to show that there was probable cause to believe that Smith had committed a drug crime punishable by a maximum sentence of ten years or more. The Government also proffered that at trial the evidence would show that Smith was engaged in a conspiracy to sell wholesale quantities of cocaine and that he was an "enforcer" in that drug conspiracy. Moreover, several witnesses would testify that Smith murdered a rival drug dealer by shooting him in the head at point-blank range.

Smith testified at the hearing. He denied that he committed the acts charged in the indictment but made no proffer of evidence—of good character, family situation, or employment, for example—to support his claim that his release would not be a danger to the community. Although he did agree to accept whatever conditions the court might see fit to impose upon his release, Smith also acknowledged that he had a criminal record, that he had in the past possessed firearms, and that he had not been employed for four or five years.

Applying the factors set forth at 18 U.S.C. § 3142(g), the district court found that "there are no conditions of release that would reasonably assure the safety of the community" should the defendant be released. Accordingly, the court ordered Smith detained without bond pending trial.

## I. The Bail Reform Act

█ Smith argues first that the Bail Reform Act does not permit the Government to proceed by way of proffer in lieu of present-

ing live witnesses at a pretrial detention hearing. The Act specifically permits a defendant to proceed by way of proffer, 18 U.S.C. § 3142(f), but it is silent upon the question whether the Government may do so. Smith urges that we draw a negative inference from that silence. Every circuit to have considered the matter, however, has rejected that inference and permitted the Government to proceed by way of proffer. *See United States v. Gaviria,* 828 F.2d 667, 669 (11th Cir.1987); *United States v. Martir,* 782 F.2d 1141, 1145 (2d Cir.1986); *United States v. Winsor,* 785 F.2d 755, 756 (9th Cir.1986); *United States v. Acevedo–Ramos,* 755 F.2d 203, 206–07 (1st Cir.1985).

We join our sister circuits in holding that the Act allows this practice. As the Second Circuit noted in *Martir,* the Government regularly proceeded by way of proffer under the District of Columbia bail statute that served as the model for the Act. 782 F.2d at 1145; *see United States v. Edwards,* 430 A.2d 1321, 1338 (D.C.1981) (in banc). That it could continue to do so under the nationwide Act literally goes without saying. *Cf. Society of Plastics Indus., Inc. v. ICC,* 955 F.2d 722, 728–29 (D.C.Cir.1992) (under doctrine of ratification, congressional reenactment of statutory terms that have been given consistent judicial interpretation expresses intent to adopt that interpretation).

## II. The Constitution

■ Smith also argues that the district court's decision to permit the Government to proceed by proffer denied him procedural due process and his right under the Sixth Amendment to confront his accusers. A pretrial detention hearing, however, is neither a discovery device for the defense nor a trial on the merits. The process that is due is only that which is required by and proportionate to the purpose of the proceeding. That purpose includes neither a reprise of all the evidence presented before the grand jury, *United States v. Suppa,* 799 F.2d 115, 119 (3d Cir.1986), nor the right to confront non-testifying government witnesses, *see, e.g., United States v. Accetturo,* 783 F.2d 382, 388–89 (3d Cir.1986); *Winsor,* 785 F.2d at 756–57; *United States v. Delker,* 757 F.2d 1390, 1397–98 (3d Cir.1985). *See also United States v. Hurtado,* 779 F.2d 1467, 1479 (11th Cir.1985) (purpose of pretrial detention hearing is not to "rehash ... probable cause" but to provide opportunity for detainee to show no risk of flight or danger to community); *United States v. Williams,* 798 F.Supp. 34, 36 (D.D.C.1992) (same).

■ We conclude that Smith was provided sufficient procedural safeguards to satisfy the constitutional requirements applicable to a proceeding directed at the question whether one whom the Government has probable cause to believe committed crimes of violence and a serious drug crime poses a danger to the community if allowed to remain at large until his trial. Smith had representation by appointed counsel, the ability to testify (which he did), and the right to proffer the testimony of others in his own behalf (which he did not). A right to require the Government to produce its witnesses against him would complicate the hearing to a degree out of proportion to the liberty interest at stake—*viz.* the interest in remaining free until trial, for what is by statute a period of limited duration. *See* Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

## III. The Facts

The Government in this case presented the indictment to show that there was probable cause to believe that Smith had committed a drug offense punishable by a maximum sentence of ten years or more; the indictment alone would have been enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community. *See United States v. Dillon,* 938 F.2d 1412 (1st Cir.1991); *Suppa,* 799 F.2d at 119; *United States v. Dominguez,* 783 F.2d 702, 706 n. 7 (7th Cir.1986); *Hurtado,* 779 F.2d at 1477–79; *United States v. Contreras,* 776 F.2d 51 (2d Cir.1985); *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985); *United States v. Mosuro,* 648 F.Supp. 316, 318 (D.D.C.1986). The Government also proffered that several witnesses would testify that Smith was involved in a conspiracy to sell drugs, that his role in the conspiracy was that of an "enforcer," and that he murdered

a rival drug dealer in furtherance of the conspiracy.

 Smith himself testified that he had possessed firearms, that he had two prior convictions for cocaine possession, and that he had been unemployed for several years. The only factors militating against pretrial detention were Smith's testimony that he did not commit the crimes charged in the indictment, his willingness to accept whatever conditions the court imposed upon his release, and his argument through counsel that the crimes charged in the indictment were "somewhat stale" and should not be the basis for a presumption that Smith would be dangerous if released.

Based upon this record, we have no reason to think that the district court erred, much less clearly erred, in finding that Smith presents a danger to the community. The pretrial detention order of the district court is therefore

*Affirmed.*