107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl Garnell FUNCHESS, Defendant-Appellant.
 No. 97-1005.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 Before: KENNEDY, NELSON, and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 The defendant was indicted on charges of conspiracy to distribute cocaine, conspiracy to launder drug money, laundering drug money, and income tax evasion. He initially appeared in court on December 2, 1996, and on December 9, 1996, was ordered detained pending trial. The defendant now appeals, arguing that the district court applied an incorrect legal standard in ordering his detention. The government urges affirmance.
 
 
 2
 According to the provisions of 18 U.S.C. § 3142(e) and (f), the defendant must be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the safety of others and of the community. The government must demonstrate dangerousness by clear and convincing evidence. In making its decision, the court considers the following factors: 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the person, 3) the history and characteristics of the person, and 4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Subject to rebuttal, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the defendant committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act. 18 U.S.C. § 3142(e); see United States v. Smith, 79 F.3d 1208, 1209 (D.C.Cir.1996); United States v. Strong, 775 F.2d 504, 506-07 (3rd Cir.1985).
 
 
 3
 The indictment in this case establishes probable cause to believe that the defendant committed an offense that triggers the presumption in favor of detention. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir.1991); United States v. Hazime, 762 F.2d at 37. The presumption does not relieve the government of the ultimate burden of proof. United States v. Martir, 782 F.2d 1141 (2d Cir.1986). However, even where a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains evidentiary weight." United States v. Dillon, 938 F.2d at 1416; see United States v. Rueben, 974 F.2d 580, 586 (5th Cir.1992), cert. denied, 507 U.S. 940 (1993); United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir.1991); United States v. Hare, 873 F.2d 796, 798 (5th Cir.1989).
 
 
 4
 Based on a review of the materials presented, we conclude that the district court correctly applied the presumption in favor of pretrial detention and adequately considered the relevant factors. The district court found that the government demonstrated by clear and convincing evidence that the defendant was a danger to the community and that no set of conditions would reasonably assure the safety of others and the community. Although the defendant presented evidence to the contrary, he did not successfully rebut the evidence of dangerousness presented by the government.
 
 
 5
 It therefore is ORDERED that the district court's detention order is affirmed.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation