[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-1387

UNITED STATES,

Appellee,

v.

RANA NAZAR HUSSAIN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Stahl, Circuit Judge.

James L. Sultan, Catherine J. Hinton, and Rankin & Sultan
on Memorandum of Law in Support of Defendant's Appeal from
Detention Order.
    Donald K. Stern, United States Attorney, and Emily R.
Schulman, Assistant U.S. Attorney, on brief for appellee.

April 24, 2001

**Per Curiam**.  Appellant Rana Nazar Hussain appeals from a district court order that denied his motion to revoke a pretrial detention order.  Having thoroughly reviewed the appellant's submissions to this court in light of our independent standard of review, see United States v. O'Brien, 895 F.2d 810, 814 (1st Cir. 1990), we affirm the district court's decision to detain appellant based on the risk of flight.

Appellant is a citizen of Pakistan who was arrested at Logan Airport and subsequently indicted on charges of conspiring to import heroin and aiding and abetting said importation in violation of 21 U.S.C. §§ 963, 952 and 18 U.S.C. § 2.  These offenses trigger the statutory presumption that "no condition or combination of conditions will reasonably assure the appearance of the ... [appellant] at trial or the safety of any person or the community."  18 U.S.C. § 3142(e).[1]  This presumption is particularly heavy in this case, because the government's evidence suggests that appellant previously had acted as the "controller" of

---

[1]  As the government does not contend that appellant's release would result in any danger, our review is limited to the risk of flight issue.

-2-

a successful heroin-smuggle.[2]  Moreover, both appellant and his co-defendant made incriminating statements to the authorities, thus the weight of the government's evidence appears to be strong.  On this record, we see no basis to disturb the district court's finding that appellant faces an "uphill battle" in his motion to suppress his own custodial statements.[3]

---

[2]  Appellant's contention that the government violates his right to due process by relying on informant information to show his participation in a prior smuggle was not raised below. Therefore, the objection is not properly before us.  See, United States v. Perez-Franco, 839 F.2d 867, 871 (1st Cir. 1988)(per curiam). Moreover, the objection flies in the face of the well-established principle that courts may consider and credit reliable hearsay evidence in making determinations under the Bail Reform Act.  See, e.g., United States v. Acevedo-Ramos, 755 F.2d 203, 208 (1st Cir. 1985).  It is equally well-established that bail hearings are not intended to serve as discovery expeditions.  See, e.g., United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); Acevedo-Ramos, id.; United States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986). Accordingly, we decline appellant's invitation to become embroiled in the discovery dispute that is pending in the district court as a result of appellant's motion for reconsideration of Magistrate Judge Cohen's January 12, 2001, Memorandum and Order denying appellant access to informant information.

[3]  We recognize the possibility that the government's case might be weakened if appellant's motion to suppress succeeds in excluding some or all of his custodial statements.  This possibility does not provide a sound reason to overturn the district court's detention order.  Should appellant succeed in his motion to suppress or in his motion for reconsideration of Magistrate Judge Cohen's January 12, 2001 discovery order, he may renew his request for bail before the district court.  See United States v.  Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987)(per curiam); 18 U.S.C. § 3142(f).

To be sure, the presumption of flight is somewhat weakened by the evidence that appellant has marshaled that attests to his reputation as a prominent Pakistani film distributor, his good standing in his family and religious community, and his lack of a criminal record. The district court supportably deemed this evidence outweighed by that which showed that appellant and his co-defendant were caught smuggling almost 28 pounds of heroin and that appellant has no significant ties to the United States or Massachusetts. Indeed, given the seriousness of the charges and the 10-year mandatory minimum sentence that appellant would face if convicted, the strength of appellant's commercial and family ties to Pakistan would appear to reinforce his incentive to flee. The Consul General's offer to serve as appellant's custodian could not reasonably assure appellant's appearance at trial since his additional occupation as a real estate investor precludes him from being at home during the work week and electronic monitoring is not always effective.

A final housekeeping remark is necessary. The unsealed appendix of exhibits that appellant has filed in this court includes two items that technically remain sealed in the district court. Those items are the transcript of the September 13, 2000 hearing before Magistrate Judge

Cohen, and Magistrate Judge Cohen's Memorandum and Order of that same date. In response to this court's order, defense counsel has filed the attached "Appellant's Statement Respecting Previously Sealed Exhibits", which indicates that the need for sealing no longer exists. We direct the district court to review the attached "Appellant's Statement..." and to enter an order which indicates whether or not Magistrate Judge Cohen's September 13, 2000 Memorandum and Order (docket entry #4) and the transcript of defendant Hussain's September 13, 2000 initial appearance (docket entry unassigned) shall remain sealed. The appellant's appendix shall remain in this court's safe pending receipt of the district court's order.

The district court's order requiring appellant Hussain's pretrial detention is <u>affirmed</u>. <u>See</u> Local Rule 27(c).