UNITED STATES of America, Appellee

v.

**Michael CHICHESTER, Appellant.**

No. 15–3085.

United States Court of Appeals, District of Columbia Circuit.

March 24, 2016.

Elizabeth Trosman, Esquire, Ann Kathleen H. Simon, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Michael Chichester, Washington, DC, pro se.

Richard Keith Gilbert, Law Office of Richard K. Gilbert, Warden (Washington CDF) Washington, DC.

BEFORE: HENDERSON, KAVANAUGH, and MILLETT, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court

for the District of Columbia, appellant's motion to expedite and memorandum of law, and the government's motion for summary affirmance. The court has determined that the issues presented occasion no need for an opinion. See Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the district court's December 14, 2015 ruling, denying appellant's motion to vacate the magistrate judge's pretrial detention order, be affirmed. Appellant was indicted for an offense that triggers a statutory presumption in favor of detention. See 18 U.S.C. § 3142(e)(3). Although appellant presented some rebuttal evidence, the district court did not clearly err in concluding that no condition or combination of conditions would reasonably assure the safety of the community in the event of his release. Id. § 3142(e); see also United States v. Smith, 79 F.3d 1208, 1211 (D.C.Cir.1996) (per curiam). Appellant's remaining arguments regarding the constitutionality of the Bail Reform Act, 18 U.S.C. § 3141 et seq., and his objections to the grand jury proceedings, are without merit. See Smith, 79 F.3d at 1211; see also United States v. Williams, 504 U.S. 36, 51, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992); United States v. Raddatz, 447 U.S. 667, 683, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.