**[J-78-2018] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 2 WAP 2018
:
 Appellee : Appeal from the Order of the
 : Superior Court entered May 26,
 : 2017 at No. 633 WDA 2016,
 v. : affirming the Order of the Court of
 : Common Pleas of Erie County
 : entered April 4, 2016 at No. CP-25-
DONALD J. MCCLELLAND, : CR-0003575-2015.
 :
 Appellant : ARGUED: October 24, 2018

## DISSENTING OPINION

**JUSTICE BAER**                                    **DECIDED: JULY 21, 2020**

I respectfully dissent from the Majority's holding that this Court's decision in *Commonwealth ex rel. Buchanan v. Verbonitz*, 581 A.2d 172 (Pa. 1990), constitutes binding precedent for the proposition that the Commonwealth cannot establish a *prima facie* case at a preliminary hearing based exclusively on hearsay evidence. Indeed, for thirty years, courts in this Commonwealth, including this Court, have consistently viewed *Verbonitz* as a plurality decision. The lack of a majority expression is unmistakable as the author of the concurring opinion in *Verbonitz* did not join the lead opinion, expressly concurred only in the result based upon a distinct legal theory, and explicitly referred to the lead opinion as a "plurality." *Id.*, 581 A.2d at 175. It is well-settled in this Commonwealth that a plurality opinion is not binding precedent. *Commonwealth v. A.R.*, 80 A.3d 1180, 1183 (Pa. 2013). Thus, I cannot join the Court's pronouncement, decades after *Verbonitz* was decided, that the opinion is now suddenly imbued with authoritative value.

I agree, however, that the question of whether the Commonwealth can rely solely on hearsay evidence at the preliminary hearing is not answered by this Court's promulgation and subsequent amendment to Pa.R.Crim.P. 542(E), as the text of the rule does not address the exclusive use of hearsay at preliminary hearings.[1]  Viewing the issue as an open one, I would proceed to examine the legal inquiry anew.  Because there is indisputably no constitutional right to a preliminary hearing and because Appellant was afforded all the process to which he was due at that proceeding, I agree with the Superior Court that Appellant's due process rights were not violated by the Commonwealth's exclusive reliance on hearsay evidence to demonstrate a *prima facie* case that a crime had been committed and that Appellant was probably the person who committed that crime.

Further, although not constitutionally required, just as this Court has established a rule-based right to a preliminary hearing, it may, and in my view should, create reasonable parameters for the admission of only those types of hearsay evidence that are the most reliable, such as, for example, audio and video recordings of the victim's statements.  The crafting of these parameters, however, is outside the scope of this appeal and is better left for the Criminal Procedural Rules Committee's evaluation upon consideration of our decision herein.

Accordingly, I would affirm the Superior Court's judgment, which affirmed the trial court's order denying Appellant's pretrial motion for *habeas corpus* relief.  Additionally, I

---

[1] Pennsylvania Rule of Criminal Procedure 542(E) provides:

> Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established.  Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.

Pa.R.Crim.P. 542(E).

would refer this matter to the Criminal Procedural Rules Committee for further consideration.

## I. The Verbonitz Decision

The crux of the Majority's holding rises and falls on its interpretation of *Verbonitz*. There, similar to the instant case, the only evidence the Commonwealth presented at the preliminary hearing was that of an investigating police officer who recounted the alleged criminal incident, *i.e.*, the 1987 rape of a seven-year-old child, as it was related to the officer by the victim. The victim did not testify, nor was any other evidence presented. At that time, the district justice ruled that the Commonwealth had established a *prima facie* case and bound the defendant over for trial. The defendant thereafter filed a writ of *habeas corpus* in the common pleas court, alleging that he could not be bound over for trial based solely on hearsay evidence. The trial court denied *habeas corpus* relief, and the defendant then filed a petition for review, which the Superior Court denied.

This Court reversed in multiple opinions. The lead opinion, drafted by Justice Larsen and joined by Justices Zappala and Papadakos ("Larsen plurality"), opined that to establish a *prima facie* case, the Commonwealth must produce legally competent evidence to demonstrate the existence of each of the material elements of the crime charged, as well as the existence of facts which connect the accused to the crime charged. *Verbonitz*, 581 A.2d at 174. The Larsen plurality, speaking for three Justices, found that hearsay testimony of what the seven-year-old sexual abuse victim told the officer was not legally competent evidence.

This expression was based upon an analysis of the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, which guarantee defendants the right to confront and cross-examine witnesses against them. Observing that the preliminary hearing is a critical stage of a criminal prosecution, the

Larsen plurality found that a defendant possesses the right to confront and cross-examine witnesses who testify against him at a preliminary hearing.[2]  *Verbonitz*, 581 A.2d at 174-75.  Accordingly the Larsen plurality concluded that the Superior Court erred in affirming the denial of *habeas corpus* relief, dismissed the charges against the defendant, and discharged him.

As noted, Justice Flaherty filed a responsive opinion ("Flaherty concurrence"), in which Justice Cappy joined, that concurred only in the result of the Larsen plurality and "reach[ed] the same conclusion, through an analysis somewhat different from that employed by the plurality."  *Id.* at 175 (Flaherty, J., concurring).  Recognizing that there was no federal or state constitutional right to a preliminary hearing, the Flaherty concurrence acknowledged, nevertheless, that our criminal procedural rules afford a defendant a preliminary hearing to determine whether there is a *prima facie* case of the defendant's guilt, and that the defendant is entitled to counsel at that hearing.  *Id.*  Justice Flaherty then reiterated his prior sentiment, set forth in a responsive opinion in an unemployment compensation case, that "fundamental due process requires that no adjudication be based solely on hearsay evidence."  *Id.* at 176 (citing *Commonwealth, Unemployment Comp. Bd. of Review v. Ceja*, 427 A.2d 631, 647 (Pa. 1981) (Flaherty, J., Concurring)).

Without examining whether any final adjudication is, in fact, rendered at a preliminary hearing, Justice Flaherty opined that his previous expression regarding due process and hearsay evidence applied with equal force to a preliminary hearing in a criminal matter where one's liberty interest is at stake.  *Verbonitz*, 581 A.2d at 176.

---

[2] This appeal does not involve a claim based upon the constitutional right to confrontation. Moreover, the right to confrontation has been characterized as a "trial right."  *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (providing that "[t]he opinions of this Court show that the right to confrontation is a *trial* right") (emphasis in original).

Applying this principle to the facts presented, the Flaherty concurrence opined that the hearsay statement of the police officer was insufficient to demonstrate a *prima facie* case against the defendant as a matter of due process.[3]  *Id.*

I acknowledge that the Larsen plurality recognized the Flaherty concurrence's argument in this regard, *Verbonitz*, 581 A.2d at 174, and that the Majority herein relies upon such reference to support its conclusion that there were five votes supporting the due process rationale.  I do not agree, however, that the basis of the Larsen plurality's analysis was grounded in due process, as that opinion did not mention the constitutional provisions guaranteeing that right or engage in any substantive discussion as to how due process was violated by the Commonwealth's exclusive reliance on hearsay evidence to demonstrate a *prima facie* case that a crime was committed and that the defendant was the individual who probably committed the crime.

If the Larsen plurality's fleeting reference to due process invoked that doctrine as a basis for its decision, Justice Flaherty would have surely joined that portion of the opinion, as his entire concurrence was based solely on a due process legal theory.  As noted throughout, Justice Flaherty did not join any portion of the Larsen plurality and

---

[3] Chief Justice Nix filed a dissenting opinion in *Verbonitz*, joined by Justice McDermott, in which he disagreed with the Larsen plurality's determination that the right to confront witnesses, as guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, required the appearance at the preliminary hearing of the seven-year-old victim of sexual assault and abuse.  *Id.* at 176. Chief Justice Nix reasoned that while the Commonwealth at the preliminary hearing must show the existence of each of the material elements of the charge, the weight and credibility of the evidence are not factors at this stage and the Commonwealth need only demonstrate sufficient probable cause that the person charged committed the offense. Accordingly, the dissent concluded that a trial court may find a *prima facie* case based solely upon hearsay evidence.  In addition to joining Chief Justice Nix's dissent, Justice McDermott also filed a separate dissenting opinion, emphasizing that credibility is not at issue at a preliminary hearing.  *Id.* at 177.

expressly concurred in the result only.[4]  Consequently, the Larsen plurality in *Verbonitz* did not receive sufficient votes to garner a majority view and create binding precedent. *See* BLACK'S LAW DICTIONARY (11th ed. 2019), at 1882 (defining a "majority opinion" as "an opinion joined in by more than half of the judges considering a given case"); *A.R.*, 80 A.3d at 1183 (explaining that "plurality opinions, by definition, establish no binding precedent for future cases") (citing *Commonwealth v. Brown*, 872 A.2d 1139, 1165 (Pa. 2005) (Castille, J., concurring) (citations omitted)).  Where the justices participating in the *Verbonitz* decision did not view the basis of the lead opinion as sounding in due process and characterized that decision as a plurality, this Court should not, decades later, stray from the presiding justices' understanding of their own expressions.[5]

## II. Pa.R.Crim.P. 542(E)

As noted, also at issue in this appeal is whether Pa.R.Crim.P. 542(E), set forth *supra* at n.1, which was promulgated after this Court's decision in *Verbonitz*, permits the trial court to find a *prima facie* case at a preliminary hearing based solely on hearsay evidence.  As also concluded by the Majority, I find that Rule 542(E) is not dispositive of the issue, as it does not address the exclusive use of hearsay evidence to establish a *prima facie* case.

---

[4] Further, the two dissenting members of the Court in *Verbonitz* also did not view the Larsen plurality as being based upon a due process rationale, as they specifically expressed their disagreement with that opinion's "holding" that the right to confront witnesses as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, was offended by the procedures followed in that case.  *Verbonitz*, 581 A.2d at 176.

[5] Additionally, this Court has previously characterized *Verbonitz* as a plurality opinion in our criminal rule commentary.  *See* Pa.R.Crim.P. 542 *Comment* (providing that hearsay, whether written or oral, may establish the elements of any offense, but contrasting *Verbonitz* as a plurality decision that disapproved of the Commonwealth's reliance on hearsay testimony as the sole basis for establishing a *prima facie* case).

*III. Due Process*

As the important legal question remains unanswered, I would examine the inquiry anew. Upon careful consideration, I agree with the Superior Court's thoughtful analysis, which concluded that due process is not violated when the Commonwealth establishes a *prima facie* case at a preliminary hearing exclusively through the use of hearsay evidence.[6]

The Superior Court observed that due process has both a substantive and a procedural component. Procedural due process is at issue here, as it is undisputed that neither the federal nor state constitution provides an accused with a constitutional right to a preliminary hearing, which would serve as the basis for a substantive due process claim. *See Washington v. Glucksberg,* 521 U.S. 702, 720-21 (1997) (holding that substantive due process protects those fundamental rights that are deeply rooted objectively in the nation's history and tradition).

---

[6] The Due Process Clause of the Fourteenth Amendment to the United States Constitution prevents states from depriving "any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend XIV, § 1. Additionally, the Pennsylvania Constitution provides due process protection in Article I, Section 9, which provides:

> In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

PA. CONST. art. I, § 9. These two due process provisions have been treated as largely coextensive. *Commonwealth v. Sims*, 919 A.2d 931, 941 n.6 (Pa. 2007).

Critical to a due process inquiry, "the government is prohibited from depriving individuals of life, liberty or property, unless it provides the process that is due." *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). "While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Id.*

While I agree with the Superior Court that these attributes of due process apply to the rule-based right to a preliminary hearing, that does not mean that the full panoply of procedural safeguards present at trial must be afforded at a preliminary hearing, which involves a different stage of the criminal prosecution.[7] *See Fisher,* 481 U.S. at 552 (holding that although states' collateral review procedures must comply with due process, they need not provide post-conviction petitioners with "the full panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position at trial"). The concept of procedural due process is a "flexible notion which calls for such protections as demanded by the individual situation." *Comm. Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1064 (Pa. 1996).

While a preliminary hearing is a critical stage of a criminal proceeding where the right to counsel attaches, *Coleman v. Alabama*, 399 U.S. 1, 9-10 (1970) (plurality), it is not a trial. The principle function of a preliminary hearing is to "protect an individual's right

---

[7] The right to a preliminary hearing is akin to the right to collateral review of a criminal conviction in that neither right is constitutionally based but, rather, was granted voluntarily by the state. As the High Court has held that a state's process for collateral review, if enacted, must comply with due process, so should the rule-based right to a preliminary hearing include due process protections. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (holding that although states do not have a constitutional obligation to provide for collateral review of a conviction, if states nevertheless provide for collateral review, the procedures for doing so must comport with due process).

against an unlawful arrest and detention" by placing on the Commonwealth the burden of establishing "a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it." *Commonwealth v. Weigle*, 997 A.3d 306, 311 (Pa. 2010) (quoting *Commonwealth v. McBride*, 595 A.2d 589, 591 (Pa. 1991)). The evidence supporting a *prima facie* case need not establish the defendant's guilt beyond a reasonable doubt, but must only demonstrate that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to proceed to a jury. *Commonwealth v. Karenty*, 880 A.2d 505, 514 (Pa. 2005).

Although a preliminary hearing "may permit capable defense counsel to lay the groundwork for a trial defense, its intended purpose is not primarily to provide defense counsel with the opportunity to assess the credibility of Commonwealth witnesses, or to prepare a defense theory for trial, or to design avenues for the impeachment of witnesses at trial." *Commonwealth v. Sanchez*, 82 A.3d 943, 984 (Pa. 2013). Significantly, once the defendant has gone to trial and has been convicted, "any defect in the preliminary hearing is rendered immaterial." *Id.*

Considering these meaningful distinctions between a preliminary hearing and a trial, I agree with the Superior Court that the process due at the preliminary hearing need not be identical to that afforded to a defendant at trial. Hence, I agree with the Superior Court's holding that permitting a *prima facie* case to be established based on pure hearsay evidence satisfies the requisites of due process. I reach this conclusion because Appellant had adequate notice of the charges against him through the criminal complaint, and the use of hearsay in no way affected this notice. He further had an adequate opportunity to be heard. Rule 542 affords defendants the right to "be represented by counsel," to "cross-examine witnesses and inspect physical evidence offered against"

him, and to call witnesses and offer physical evidence on his or her own behalf. Pa.R.Crim.P. 542(C)(1)-(4).

Further, Appellant was able to challenge the evidence presented in support of a *prima faci*e case by asking the lead investigator questions about the contents of the statements made by the eight-year-old victim, the time of the alleged incident, what other people may have been involved, and when the incident was first reported. Preliminary Hearing Transcript, at 12-24. The nature of the evidence admitted against Appellant via the lead investigator's testimony did not deny him the opportunity to defend himself before a fair and impartial tribunal having jurisdiction over the case. Because credibility is not at issue in a preliminary hearing and the Commonwealth need not establish the defendant's guilt beyond a reasonable doubt, Appellant received at his preliminary hearing the process to which he was due.

Finally, I agree with the Superior Court that the Flaherty concurrence in *Verbonitz*, while facially appealing, is unpersuasive. As noted, Justice Flaherty opined that because due process may require that no adjudication be based solely on hearsay evidence in an unemployment compensation context, the same is true for a preliminary hearing. In discounting this theory, the Superior Court held that while life, liberty, and property may all be at issue if an accused is ultimately convicted at trial, "the preliminary hearing is obviously not a **final** adjudication of those issues." *McClelland*, 165 A.3d at 31 (emphasis in original). Acknowledging the significant liberty restraints resulting from requiring an accused to stand trial, the Superior Court reasoned that pretrial restraint is governed by the Fourth Amendment and not due process. *Id.* at 32 (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975) (holding that a person arrested and held for trial under a prosecutor's information is constitutionally entitled to a judicial determination of probable cause for pretrial restraint on liberty); *Manuel v. City of Joliet, Illinois*, 137 S.Ct. 911, 917-18 (2017)

(recognizing that the Fourth Amendment, "standing alone, guaranteed a fair and reliable determination of probable cause as a condition for any significant pretrial restraint") (internal quotation marks and citations omitted)).

This view is consistent with the decisions of federal courts of appeal, which have long held that determinations regarding pretrial restraints on liberty may be made solely on the basis of hearsay evidence. *See, e.g., United States v. Delker*, 757 F.2d 1390 (3rd Cir. 1985) (rejecting a claim that hearsay may not be employed at a pretrial detention hearing to demonstrate that a defendant committed the crime charged); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) (holding that "[a]s in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay"); *United States v. Gavria*, 828 F.2d 667, 669 (11th Cir. 1987) (holding that a government may proceed at a pretrial detention hearing by way of proffer rather than live testimony); and *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (holding that a defendant had no due process right to require the government to produce its witnesses against him at a pretrial detention hearing).

Accordingly, I would hold that Appellant's due process rights were not violated by the Commonwealth's exclusive reliance on hearsay evidence at his preliminary hearing.

*IV. Recrafting our Rules of Criminal Procedure*

Although not constitutionally required, this Court can certainly create sensible rules for the use of hearsay at preliminary hearings. As suggested in the *amicus* brief filed by the Office of Attorney General and the Pennsylvania District Attorneys Association, instead of focusing on how much hearsay can be admitted, this Court should focus on what kinds of hearsay are reliable and, thus, sufficiently safe to be admitted for the limited purpose of holding one over for trial. *Amici* suggest three general categories of hearsay that are easily defined and offer elements of reliability that justify their admission for

preliminary hearing purposes: (1) audio and video recordings of the victim's statements; (2) testimony by police officers regarding interviews in which they personally participated upon certification that the victim/witness will be available at trial; and (3) expert reports based on scientific analysis or specialized knowledge upon certification that the expert will be available at trial. While I do not today endorse a particular procedure, I find at least superficial appeal to these categories. I would refer this matter to the Criminal Procedural Rules Committee to consider, *inter alia*, these suggestions and make recommendations to this Court regarding the potential amendment of our current criminal rules.

Justice Mundy joins this dissenting opinion.