# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-3071**

**September Term, 2020**

**1:16-cr-00098-CKK-1**

**Filed On:** December 28, 2020

United States of America,

        Appellee

    v.

Ivan Lamont Robinson,

        Appellant

------------------------------

Consolidated with 20-3074

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Rogers, and Katsas, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the district court's September 17, 2020 order be affirmed insofar as the court denied appellant's motion for reconsideration of his previous request for pre-sentencing release, and the district court's October 5, 2020 order denying appellant's motion for reconsideration be affirmed.

First, appellant has not demonstrated that his transfer from a correctional facility located in the District of Columbia to one located in Virginia violated his rights under the Equal Protection Clause of the U.S. Constitution. Even assuming that his transfer constitutes the type of disparate treatment that gives rise to an Equal Protection Clause

claim, absent a showing that the challenged action impinges on a fundamental right or was motivated by a suspect classification, courts "will not overturn [government] action unless the varying treatment of different groups of people is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational." Vance v. Bradley, 440 U.S. 93, 97 (1979). Appellant has not satisfied this standard.

Next, the district court did not clearly err in relying on medical information promulgated by the Centers for Disease Control in concluding that appellant's alleged diagnosis of post-traumatic stress disorder does not place him at a high risk of contracting COVID-19. See United States v. Smith, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (district court's factual determinations in connection with detention status are reviewed for clear error); Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Furthermore, appellant has failed to show that a direct comparison between the present case and United States v. Epstein, Cr. No. 14-287 (D.N.J. 2016), demonstrates that he is entitled to release. See, e.g., United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991) (courts consider motions for release based on exceptional reasons pursuant to 18 U.S.C. § 3145(c) on an independent, case-by-case basis). The district court evaluated each of the factors identified by the U.S. District Court for the District of New Jersey in Epstein, and reasonably concluded that appellant had not shown that he was entitled to release.

Finally, appellant asserts that the district court erred in concluding that he was unlikely to succeed on his motion for a new trial. Insofar as he seeks to challenge the substantive merits of the district court's order denying his new trial motion, that order is not an appealable final order pursuant to 28 U.S.C. § 1291. Insofar as he merely seeks review of the district court's denial of pre-sentencing release pursuant to 18 U.S.C. § 3143(a)(2), he has not shown that the district court erred in concluding that he was unlikely to succeed in obtaining a new trial based on his argument that the government withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App.
P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                           BY:      /s/
                                        Amy Yacisin
                                        Deputy Clerk